OPINION
Defendant-appellant James Mitchell Rash appeals the July 19, 1999 Judgment Entry of the Stark County Court of Common Pleas which summarily denied his Motion to Withdraw Guilty Plea. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS
Appellant plead guilty to five counts of aggravated murder and one count of aggravated arson on June 2, 1989. Said pleas were the result of a plea bargain in exchange for which the appellee opted not to seek the death penalty. The pleas were accepted by a single common pleas court judge who sentenced appellant to five consecutive life sentences on each aggravated murder count and a consecutive sentence of ten to twenty-five years on the aggravated arson. No direct appeal was taken from those convictions and sentences. On August 23, 1989, appellant filed a Motion to Withdraw Guilty Plea. Appellant's motion was summarily denied by the trial court via Judgment Entry filed September 7, 1989. No direct appeal was taken from that judgment. On September 10, 1990, appellant filed a Notice of Appeal. On September 12, 1990, this Court considered appellant's notice of appeal to be a motion for leave to file a delayed appeal and overruled it. On August 16, 1991, appellant filed a Notice of Appeal of the decision of the trial court entered July 31, 1991. Our review of the docket fails to reveal any filing by the trial court on that date and further fails to reveal any filing whatsoever between September 19, 1990, and appellant's August 16, 1991 Notice of Appeal. On July 25, 1994, appellant filed a Notice of Delayed Appeal from his convictions and sentences entered by the trial court on June 2, 1989. This Court allowed the delayed appeal and affirmed the trial court's judgment in State v. Rash (Mar. 27, 1995), Stark App. No. 94-CA-223, unreported. On June 19, 1997, appellant filed a Motion to Withdraw a Plea of Guilty which included a claim, ". . . the trial court failed to establish any factual basis of the charges to which the defendant plead guilty, before accepting his plea." (Motion at 3). The trial court summarily denied appellant's motion via Judgment Entry filed July 8, 1997. Appellant filed a Notice of Appeal of the trial court decision on July 31, 1997. This Court affirmed the trial court's decision in State v. Rash (Jan. 20, 1998), Stark App. No. 97-CA-253, unreported. On July 16, 1999, appellant filed another Motion to Withdraw Guilty Plea asserting, in part, his due process and equal protection rights were violated because ". . . the defendant was allowed to plea guilty, which was accepted by the Court when there was insufficient evidence to support a finding of guilt to the charge of aggravated murder." (Motion at 1). The trial court summarily denied appellant's motion via Judgment Entry filed July 19, 1999. It is from that Judgment Entry appellant prosecutes this appeal assigning as error:
THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISMISSING THE DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA WHEN SUCH MOTIONS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL AND WHEN THE COURT ACCEPTED THE GUILTY PLEA WHEN THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION OF AGGRAVATED MURDER.
Appellant herein raises essentially two arguments. The first takes issue with the fact his guilty plea was not heard before a three-judge panel. This Court specifically rejected that claim in State v. Rash (Mar. 27, 1995), Stark App. No. 94-CA-223, unreported. As such this claim is without merit and overruled on the basis of res judicata. The second argument appellant presents asserts constitutional error in the failure of the prosecution to present a factual recitation upon which the trial court could base its decision to accept his guilty plea. We find this agreement is likewise barred by res judicata. The appellant could have raised this claim in his original delayed appeal of his June 2, 1989 convictions and sentences but failed to do so. Such claim could have been raised at that time because it does not depend upon evidence de hors the record. Futhermore, the same argument was raised in appellant's June 19, 1997 Motion to Withdraw a Plea of Guilty. As noted supra, the trial court's denial of this motion was affirmed by this Court in State v. Rash (Jan. 20, 1998), Stark App. No. 97-CA-253, unreported. Although this exact claim was not specifically raised in that appeal, it clearly could have been as it formed part of the original basis for the appellant's motion in the trial court. Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment. State v. Perry (1967), 10 Ohio St.2d 175, para. 9 of the syllabus. Res judicata bars appellant's attempt to raise this second argument in the present appeal. Accordingly, we overruled appellant's sole assignment of error.
The judgment of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur